# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 2 2006

at 10 o'clock and 30 min. M
SUE BEITIA, CLERK

EDWARD H. KUBO, JR.      #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI     #2286
Chief, Narcotics Section

MICHAEL K. KAWAHARA      #1460
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone:  541-2850

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-0284 JMS |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | |
| | ) | |
| CARLOS EMILIO BECERRADA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, Carlos Emilio Becerrada (hereinafter "defendant" or "Becerrada"), and his appointed attorney, Emmanuel G. Guerrero, Esq., of Honolulu, HI, have agreed upon the following:

1.  Defendant acknowledges that he has been charged in the Indictment (returned August 4, 2004) with the following crimes:

(A) Count 1: On or about July 21, 2004, attempting

to possess with intent to distribute five-hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, in violation of 21 U.S.C. 846, 841(a)(1), and 841(b)(1)(A).

      (B) <u>Count 2</u>: On or about July 21, 2004, possessing with intent to distribute five-hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(A).

Defendant has already received a copy of this Indictment.

      2.  Defendant also knows that the prosecution has filed on August 5, 2004 that "Special Information as to Prior Drug Convictions of Defendant Pursuant to Title 21, United States Code, Section 851" (hereinafter "Special Information"), for the purpose of seeking enhanced sentencing under the relevant drug trafficking statutes due to his prior felony drug conviction in <u>People of the State of California v. Carlos Emilio Becerrada</u>, Superior Court of California, County of Los Angeles, Criminal Case No. A773874-01 (hereinafter referred-to as "prior felony drug conviction").

      (a)  <u>Factual stipulation as to prior felony drug conviction</u>: Defendant has previously received a copy of this Special Information, and he hereby admits to the following facts, such that an evidentiary hearing in accordance with 21 U.S.C. 851 to prove the factual allegations of the Special Information will not be necessary:

      (1)  All of the facts and averments describing defendant's prior felony drug conviction, as contained and recited in the Special Information, are correct;

         (2)   This felony drug conviction is final at the present time and was also final as of the time period charged in the Indictment; and

         (3)   The charged crime therein is a felony offenses under California state law.

    3.   Defendant has read the charges and allegations against him contained in the Indictment and the Special Information, and these charges have been fully explained to him by his attorney.  In making his decision to plead guilty, defendant has had the full opportunity to consult with his undersigned defense attorney, and he is fully satisfied with the legal representation and advice he has received from his defense attorney.

    4.   Defendant fully understands the nature and elements of the crimes with which he has been charged.

    5.   Defendant will enter voluntary pleas of guilty to Counts 1 and 2 of the Indictment.

    6.   Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

    7.   Defendant enters these pleas because he is in fact guilty of the crimes charged against him in Counts 1 and 2 of the Indictment, and he also agrees that these pleas are voluntary and not the result of force or threats.

    8.  Taking into account his prior felony drug conviction as alleged in the Special Information, Defendant

understands that the statutory penalties for each of the offenses to which he is pleading guilty is an imprisonment term of at least twenty (20) years and up to life, a fine of up to $8,000,000, or both, and a term of supervised release of at least ten (10) years and up to life. See 21 U.S.C. 841(b)(1)(A).

A.  At the discretion of the Court, defendant may also be denied any or all federal benefits, as that term is defined in 21 USC §862, (a) for up to five years if this is defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances.  If this is defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 USC §862(d).

B.  In addition, the Court must impose a $100 special assessment as to each felony count to which the Defendant is pleading guilty.  Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.  Defendant acknowledges that failure to make such full advance payment in a

4

form and manner acceptable to the prosecution will allow, though
not require, the prosecution to withdraw from this agreement at
its option.

     9.  Defendant admits the following facts and agrees
that they are not a detailed recitation, but merely an outline of
what happened in relation to the charge to which Defendant is
pleading guilty:

**AS TO COUNT 1 OF THE INDICTMENT:**

     A.  On or about July 20, 2004, the following
parcel was present in FedEx mail channels in California for
delivery to Hawaii:

> One (1) Large FedEx box, measuring approximately
> 17" x 12" x 3", weighing approximately 5 pounds,
> with attached FedEx Airbill bearing tracking
> number 844380348433 addressed from Mike Salazar
> (310) 3066987, 4045 W 103rd St., Inglewood, CA
> 90304 to Jorge Ormeno, 3281 Kehau Place, Honolulu,
> HI 96816. [hereinafter referred-to as "subject
> parcel"].

The subject parcel contained the methamphetamine (identified as
DEA Drug Exhibit 1) described in greater detail in paragraph
11(a)(1) of this Agreement.

     B.  On or about July 21, 2004, law enforcement
officers conducted a controlled delivery of the subject parcel to
the destination address (a residence located at 3281 Kehau Place,
Honolulu, HI).  For this purpose, the real methamphetamine had
been removed and in its stead, a pseudo-methamphetamine substance
substituted in the rewrapped parcel.

C.   About an hour after the subject parcel had been delivered to the destination address on July 12, 2004, Becerrada arrived there and entered the residence.  Once inside the residence, Becerrada opened the subject parcel, removed the pseudo-methamphetamine substance from the FedEx box, and placed that pseudo-methamphetamine substance in his backpack.

(1) Becerrada also agrees that his opening of the subject parcel and placing the pseudo-methamphetamine substance in his backpack constituted substantial steps in his commission of the "attempted possession with intent to distribute" crime charged in Count 1 of the Indictment.

D.   At all relevant times herein, Becerrada knew that methamphetamine was being shipped from California in the subject parcel.  Becerrada believed that the pseudo-methamphetamine substance contained in the subject parcel on July 21, 2004 was real methamphetamine.  Becerrada was planning to distribute all of what he believed to be methamphetamine to other persons in Hawaii.

**AS TO COUNT 2 OF THE INDICTMENT:**

E.   Becerrada's backpack also contained the methamphetamine (identified as DEA Drug Exhibit 2) described in greater detail in paragraph 11(a)(1) of this Agreement.  That backpack also contained approximately $63,500 in U.S. currency.

F.   In addition, Becerrada also maintained an

6

apartment in Ewa Beach.  There was a lockbox in this apartment
which contained approximately $38,700 in U.S. currency.
Becerrada had the key for this lockbox.

> G.  At all relevant times, Becerrada knew that the
methamphetamine described in subparagraph E above was in his
backpack, and he was planning to distribute all of this
methamphetamine to other persons in Hawaii.  In addition, the
money contained in his backpack and in the lockbox at the Ewa
Beach apartment belonged to Becerrada, which he derived from the
sale of methamphetamine.

> 10.  Pursuant to CrimLR32.1(a) of the Local Rules of
the United States District Court for the District of Hawaii, the
parties agree that the charges to which the Defendant is pleading
guilty adequately reflect the seriousness of the actual offense
behavior and that accepting this Agreement will not undermine the
statutory purposes of sentencing.

> 11.  Pursuant to CrimLR32.1(b) of the Local Rules of
the United States District Court for the District of Hawaii and
Section 6B1.4 of the Sentencing Guidelines, the parties stipulate
to the following for the purpose of the sentencing of Defendant
in connection with this matter:

> > a.  <u>Factual stipulations</u>:

> > > (1) <u>Quantity of methamphetamine involved in
Counts 1 and 2</u>: As determined by the DEA Southwestern Laboratory,

7

the methamphetamine contained in the subject parcel (DEA Drug Ex. 1) and in Becerrada's backpack (DEA Drug Ex. 2) were as follows:

| DEA Drug Ex.#: | Controlled Substance: | Net Weight: | Purity: | Pure d-Meth HCl: |
|---|---|---|---|---|
| 1 | d-Methamphetamine Hydrochloride | 1,787.0 gm | 97% | 1,733.0 gm |
| 2 | d-Methamphetamine Hydrochloride | 1,425.0 gm | 66% | 940.5 gm |

d-Methamphetamine Hydrochloride ("HCl") is a methamphetamine salt and a Schedule II controlled substance. DEA Drug Ex. 1 constitutes "ice" as that term is defined in Note C to the Drug Quantity Table in Guideline 2D1.1(c), and DEA Drug Ex. 2 constitutes "methamphetamine (actual)" as that term is defined in Note B to the Drug Quantity Table in Guideline 2D1.1(c). For equivalency purposes, there are about 28.35 grams in one ounce.

    b. Offense Level Stipulation: Based upon the quantity of methamphetamine involved herein, defendant's Base Offense Level is "38". See Guideline 2D1.1(c)(1) [1.5 KG or more of "ice" or "methamphetamine (actual)"].

    c.   The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline

8

§ 3E1.1(b)(2), if defendant is otherwise eligible.
The Defendant understands that notwithstanding its present
intentions, and still within the Agreement, the prosecution
reserves the rights (1) to argue to the contrary in the event of
receipt of new information relating to those issues, and (2) to
call and examine witnesses on those issues in the event that
either the probation office finds to the contrary of the
prosecution's intentions or the Court requests that evidence be
presented on those issues.

12.   The parties agree that notwithstanding the
parties' Agreement herein, the Court is not bound by any
stipulation entered into by the parties but may, with the aid of
the presentence report, determine the facts relevant to
sentencing.

13.   The parties are presently unaware of any factual
disputes affecting the sentencing of defendant herein.

14.   The Defendant is aware that he has the right to
appeal the sentence imposed under Title 18, United States Code,
Section 3742(a).  Defendant knowingly waives the right to appeal,
except as indicated in subparagraph "b" below, any sentence
within the maximum provided in the statute(s) of conviction or
the manner in which that sentence was determined on any of the
grounds set forth in Section 3742, or on any ground whatever, in
exchange for the concessions made by the prosecution in this plea

9

agreement.

a.   The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b.   If the Court imposes a sentence greater than specified the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

c.   The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

15.   The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.  Subject to the exceptions noted in the previous paragraph, the Defendant is surrendering his right to challenge any sentence within the statutory maximum, or the

10

manner in which it was determined, including, but not limited to, a sentence that the Defendant perceives to be an incorrect application of the Guidelines.  The Defendant further agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

16.  The Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6A1.1. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

17.  Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.  If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial.  The trial could be either a jury trial or a trial by a judge sitting without a jury.  The Defendant has a right to a jury trial.  However, in order that the trial be

11

conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b.  If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.  Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c.  If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

d.  At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant.  Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on his own behalf.  If the witnesses

for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

       e.   At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

       f.   At a trial, Defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substances charged in the Indictment.

       18.   Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.  Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

       19.   Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

       20.   Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

13

21.  Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

22.  The Defendant agrees that he will fully cooperate with the United States.

a.  He agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify in connection with this and other cases, including, but not limited to, any grand jury proceedings, trial proceedings involving co-defendants and others indicted later in this and other investigations, and related civil proceedings, as well as all other criminal cases in which he has assisted law enforcement authorities.

b.  Defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office of the District of Hawaii at any time and to give truthful and complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires.

c.  Defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other

proceeding, involving or related to the crime in this case or any subsequent charges related to the investigation in this case, at which the prosecution requests him to testify.

d. Pursuant to § 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under § 1B1.8(b) of the Sentencing Guidelines.

e. Defendant shall not violate any Federal, State or local laws.

23. In the event that the Defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case in chief in the trial of the Defendant in this matter. Defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

24. Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that

the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense.  Pursuant to Title 18, United States Code, Section 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence for the charges in the Indictment on the ground that Defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense.  Defendant understands that:

a.   The decision as to whether to make such a request or motion is entirely up to the prosecution.

b.   This Agreement does not require the prosecution to make such a request or motion.

c.   This Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

d.   Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level

16

established by statute.

          DATED:  Honolulu, Hawaii, _____August 2_____, 2006.

AGREED:

EDWARD H. KUBO, JR.                    CARLOS EMILIO BECERRADA
United States Attorney                 Defendant
District of Hawaii


FLORENCE T. NAKAKUNI                   EMMANUEL G. GUERRERO
Chief, Narcotics Section               Attorney for Defendant


MICHAEL K. KAWAHARA
Assistant U.S. Attorney



                              17