# ORIGINAL

Law Offices of Emmanuel G. Guerrero
EMMANUEL G. GUERRERO 5275
568 Halekauwila Street, Second Floor
Honolulu, Hawaii 96813
Telephone: (808) 532-2950
Facsimile: (808) 545-2628
Email: Attyegg@aol.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 1 6 2006

at __11__ o'clock and __00__ min __ __M
SUE BEITIA, CLERK

Attorney for Defendant
CARLOS EMILIO BECERRADA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CARLOS EMILIO BECERRADA,<br><br>Defendant. | ) CR. NO. 04-00284 JMS -01<br>)<br>) CARLOS EMILIO BECERRADA'S<br>) JOINDER IN GOVERNMENT'S<br>) MOTION FOR DOWNWARD<br>) DEPARTURE IN SENTENCING<br>) DEFENDANT; CERTIFICATE OF<br>) SERVICE<br>)<br>) |

## CARLOS EMILIO BECERRADA'S JOINDER IN GOVERNMENT'S MOTION FOR DOWNWARD DEPARTURE IN SENTENCING DEFENDANT

COMES NOW defendant, CARLOS EMILIO BECERRADA, through his

counsel, EMMANUEL G. GUERRERO, and respectfully joins the Government in

their Motion for Downward Departure in Sentencing Defendant ("Motion") duly

filed on November 9, 2006.  In addition based upon the Government's Motion,

Defendant respectfully request that the Honorable Court take into consideration the

factors set forth in 18 U.S.C. §3553(a)(2) in imposing the appropriate sentence of

Defendant.

## 18 U.S.C. §3553(a)

18 U.S.C. § 3553(a) not only "permits" tailoring of the sentence to other

statutory concerns, but requires such tailoring as follows:

> The court shall impose a sentence sufficient, but not
> greater than necessary, to comply with the purposes set
> forth in paragraph (2) of this subsection. The court, in
> determining the particular sentence to be imposed, shall
> consider --
>
> (1)  the nature and circumstances of the offense and the
>      history and characteristics of the defendant;
>
> (2)  the need for the sentence imposed --
>
>      (A)  to reflect the seriousness of the offense, to
>           promote respect for the law, and to provide
>           just punishment for the offense;
>
>      (B)  to afford adequate deterrence to criminal
>           conduct;
>
>      (C)  to protect the public from further crimes of
>           the defendant; and
>
>      (D)  to provide the defendant with needed
>           educational or vocational training, medical
>           care, or other correctional treatment in the
>           most effective manner;
>
> (3)  the kinds of sentences available;
>
> (4)  the kinds of sentence and the sentencing range
>      established for --

(A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[; and]

(B)    in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission [and in effect at the time of sentencing;]

(5)    any pertinent policy statement [issued by the Sentencing Commission and in effect at the time of sentencing];

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to pay victims of the offense.

18 U.S.C. § 3553(a).  And so as to further consideration of these factors, "[n]o limitation shall be placed," by the non-mandatory, now-advisory Guidelines or any other source, "on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."  18 U.S.C. § 3661.

It bears emphasizing that this Court is required to "impose a sentence *sufficient*, but *not greater than necessary*, to comply" with the four traditional

"purposes" of punishment.  18 U.S.C. § 3553(a) (emphases added).  This is a rule

of leniency, mandating mercy over maximizing any single goal of punishment, be

it a traditional goal or novel one, or any combination of punishment objectives.  To

be precise, § 3553(a) mandates that the sentence this Court imposes shall be

sufficient, but not greater than necessary, to achieve retribution, see

§ 3553(a)(2)(A) ("to reflect the seriousness of the offense, to promote respect for

the law, and to provide just punishment for the offense"), both specific and general

deterrence, see § 3553(a)(2)(B) ("to afford adequate deterrence to criminal

conduct" by the defendant and others), incapacitation, see § 3553(a)(2)(C) ("to

protect the public from further crimes of the defendant"), and rehabilitation, see

§ 3553(a)(2)(D) ("to provide the defendant with needed educational or vocational

training, medical care, or other correctional treatment in the most effective

manner").

   A Guideline sentence also fails to take account of the other "factors"

that § 3553(a) requires this Court to consider.  For example, the Guidelines restrict

consideration of the particular circumstances of the offense, see, e.g., U.S.S.G.

§§ 5K2.10., p.s. (restricting consideration of the victim's conduct), 5K2.12., p.s.

(restricting consideration of coercion or duress), and 5K2.13., p.s. (restricting

consideration of diminished capacity),  and, perhaps more importantly, specific

characteristics of the defendant, see, e.g., U.S.S.G. §§ 5H1.1., p.s. (restricting

consideration of defendant's age), 5H1.2., p.s. (restricting consideration of

defendant's educational or vocational skills), 5H1.3. p.s., (restricting consideration

of defendant's mental or emotional conditions), 5H1.4., p.s. (restricting

consideration of defendant's physical condition, including a drug, alcohol,

gambling addiction), 5H1.5., p.s. (restricting consideration of defendant's

employment history), 5H1.6., p.s. (restricting consideration of defendant's family

ties and responsibilities), 5H1.10., p.s. (restricting consideration of defendant's

race, sex, national origin, creed, religion, and socio-economic status), 5H1.11., p.s.

(restricting consideration of defendant's "prior good works," including military or

other public service), 5H1.12 (restricting consideration of defendant's

"disadvantaged upbringing"), 5K1.1, p.s. (restricting consideration of defendant's

acceptance of responsibility), 5K2.0., p.s. (restricting other grounds for departure

from a guideline sentence); but see 18 U.S.C. § 3553(a)(1) (requiring

individualization of the sentence).

Because the Guidelines do not necessarily advise imposition of a sentence

that is merely sufficient and is no greater than necessary to achieve all four

traditional goals of punishment and, moreover, do not necessarily advise a sentence

that individualizes the sentence to the defendant and the crime being punished, the

sentence that the Guidelines advise is not necessarily reasonable in light of the

factors that 18 U.S.C. § 3553(a) requires this Court to consider.  Slavish adherence

to the sentence prescribed by the Guidelines, in sum, is not appropriate in this case and may well result in the imposition of an unreasonable sentence.

## Defendant's Case

In the instant case, it is Defendant's assertion that an appropriate sentence that would meet the objectives and purpose of 18 U.S.C. § 3553(a) would be to sentence the Defendant to a term of incarceration of 150 months or 12 years and six (6) months.

## 1. Immediate Cooperation and Assistance

Since Defendant's arrest on July 21, 2004, the Defendant has cooperated and has continued to cooperate with the Government. (See Paragraph 30 of the PSR as well as the Motion). A review of the record reflects Defendant not only having cooperated with the Government, but that in addition he has provided substantial assistance in the prosecution of others, of which the Government determined was worthy of consideration. (See Motion).

## 2. Medical Condition

Although the Defendant does not have any history of medical and emotional problems, the Defendant who is 5 feet 8 inches in height and weights 230 pounds, suffers from sleep apnea, and requires the assistance of a mask to sleep. (See PSR Paragraph 58). According to the Defendant, this condition makes it very difficult for him to rest and sleep properly, and is of varying degrees of discomfort. United

States v. Spriger, 416 F.3d 708 (8th Cir. 2005); See United States v. Gee, 226 F.3d

885 (7th Cir. 2000)(downward departure based on health not an abuse of discretion

where imprisonment imposed a substantial risk to Defendant's life); United States

v. Johnson, 71 F.3d 539 (6th Cir. 1995)(downward departure proper for 65 year old

Defendant who suffered from several medical conditions, including diabetes,

ulcers, reactive depression, hypertension).

### 3. **Other Mitigating Factors**

Carlos Becerrada is 41 years old, the second oldest of four (4) siblings. His

mother lives in Burbank, California and his father passed away on 2001. Carlos'

younger brother, Gabriel, was murdered in 2004, and his older brother, Ruben is

currently incarcerated in the Los Angeles County Jail. Carlos' sister, Monica,

resides in Arleta, California, and works for a Ford Dealership.

Carlos was previously married to Jana in 1989, and two (2) girls were born

to Carlos and Jana: Jennifer, 22 and Erica, 15. Although Carlos and Jan divorced,

Carlos and Jana have maintained a close relationship, and that Carlos has been a

part of the lives of his two children. Today, Carlos' family consist of his fiancée,

Anita, and Anita's 8 year old daughter.  Carlos and Anita have resided in Ewa,

renting from their long time friend  Deborah Carrassco since 2000.  Carlos and his

immediate family consider Ms. Carrasso and her three (3) children as part of his

own family.  Today, despite Carlos' incarceration, Anita and her daughter

continues to reside with Deborah in Ewa. Upon his return to society, Carlos plans to regain employment as a Painter and to support his family.

Defendant has come to understand that despite what he has done, he has the strong support of family and that his family will continue to support him. As such Defendant would request that this Court recommends that Defendant participate in the 500 Hour drug treatment program available while in custody serving his sentence. To be sure, Defendant is not attempting to minimize his conduct; rather, Defendant has acknowledged his wrongdoings, and has cooperated and has taken responsibility for his action.

Accordingly, it is Defendant's good faith belief that a fair and just sentence in this case is a term of 150 months.

DATED: Honolulu, Hawaii, November 16, 2006.

EMMANUEL G. GUERRERO
Attorney for Defendant
CARLOS EMILIO BECERRADA

## CERTIFICATE OF SERVICE

I, EMMANUEL G. GUERRERO, hereby certify that a true and exact copy of the foregoing document will duly mailed and/or hand-delivered to the following:

1)      Mr. Michael Kawahara
        Assistant United States Attorney
        Room 6-100, PJKK Federal Building
        300 Ala Moana Boulevard
        Honolulu, Hawaii 96850

        Attorney for Plaintiff
        UNITED STATES OF AMERICA


2)      Mr. Kevin Teruya
        Probation Officer
        U.S. Probation Office, District of Hawaii
        300 Ala Moana Boulevard
        Honolulu, Hawaii  96850

        DATED: Honolulu, Hawaii, November 16, 2006.


                                    _____
                                    EMMANUEL G. GUERRERO